IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:09-CV-59-D

| | | |
|---|---|---|
| BENJAMIN WILLIAMS, and DAVID BOGO, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **ORDER** |
| XE SERVICES, LLC, U.S. TRAINING CENTER, INC., and BLACKWATER SECURITY CONSULTING, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

On December 18, 2009, plaintiffs Benjamin M. Williams and David Bogo (collectively "plaintiffs") brought suit, on behalf of themselves and all others similarly situated, against Xe Services, LLC ("Xe"), U.S. Training Center, Inc. ("USTC"), and Blackwater Security Consulting, LLC ("BSC") (collectively "defendants") [D.E. 1]. Plaintiffs allege that defendants failed to pay overtime wages in accordance with the Fair Labor Standards Act ("FLSA") and seek reimbursement for unpaid overtime. See Compl. ¶¶ 39–42. Plaintiffs now move the court for conditional certification of a class for collective action and to send court-approved notice to putative members of the collective action pursuant to 29 U.S.C. § 216(b) [D.E. 17]. As explained below, the court grants the motion and conditionally certifies an opt-in class of all persons who worked for one or more defendants as firearms and tactics instructors for the Navy Program or WPPS program in Moyock, North Carolina or at Naval Support Activity Northwest since March 1, 2007.

I.

Xe owns and operates a variety of companies and was formerly known as EP Investments, LLC. Compl. ¶¶ 10–11; Answer ¶¶ 10–11. USTC, a wholly owned subsidiary of Xe, provides

training to military, security, law enforcement, and civilian personnel for a variety of combat situations. See Walsh Decl. ¶ 2. USTC, in turn, is the sole member and manager of BSC. See Compl. ¶¶ 13–14; Answer ¶¶ 13–14. USTC's training programs include the Navy Program and the Worldwide Personal Protection Services Program ("WPPS"). See Walsh Decl. ¶ 3. Williams was employed as a full-time instructor for the Navy Program. See Williams Decl. ¶ 4; Compl. ¶¶ 18–19; Answer ¶¶ 18.[1] Bogo was employed as a full-time WPPS instructor from June 2007, until January 2009, and was assigned to work in Moyock, North Carolina. Compl. ¶¶ 23; Answer ¶¶ 23, 33; Bogo Decl. ¶ 3; see Walsh Decl. ¶ 5.

WPPS operates under a contract with the United States Department of State to provide overseas protection services to personnel. Walsh Decl. ¶ 4. In addition to protection services, WPPS trains the personnel providing protection services. Id. Adam Walsh is the Director of WPPS. Id. ¶ 1; Compl. ¶ 22; Answer ¶ 22. The training is conducted at USTC's Moyock, North Carolina facility. Walsh Decl. ¶ 4. Instructors in the Navy Program conduct courses in vessel defense for sailors in the Navy. See Baugh Decl. ¶ 2. Rob Baugh is the Director of Navy Training and Special Programs at USTC. Id. ¶ 1; see Compl. ¶ 21; Answer ¶ 21. More than 100 instructors have worked for the Navy Program and WPPS. Compl. ¶ 38; Answer ¶ 38.

Williams and Bogo allege that they, and others similarly situated, were misclassified as independent contractors, when they should have been classified as employees under the FLSA. See Compl. ¶¶ 20, 24; Williams Decl. ¶¶ 6, 14. According to Williams, before June 2008, defendants failed to accurately record the hours he and other instructors worked, resulting in a loss of overtime pay. See Williams Decl. ¶ 7. Plaintiffs assert that after June 2008, Baugh and other supervisors with the Navy Program and WPPS told Williams, Bogo, and other instructors to report eight hours of work per day regardless of the time actually worked. See id. ¶ 17; Bogo Decl. ¶ 12; Compl. ¶ 35.

---

[1] It is unclear when Williams began as a full-time instructor. He asserts that he began in October 2007. See Williams Decl. ¶ 4; Compl. ¶¶ 18–19. Defendant contends that he worked from June 22, 2008, to March 13, 2009. Answer ¶ 18. The court need not resolve this issue at this time.

Defendants deny these allegations. See Answer ¶ 35; see Defs.' Resp. 5–7; Merritt Decl. ¶¶ 17–19; Walsh Decl. ¶¶ 6–7; Baugh Decl. ¶¶ 5–6. Plaintiffs also contend that they and other instructors in the Navy Program and WPPS regularly worked more than 40 hours in a week without overtime pay and that they worked during meal periods. See Williams Decl. ¶¶ 12–13; Bogo Decl. ¶¶ 8–9; Compl. ¶ 36.

At least since June 22, 2008, the instructors in the Navy Program and WPPS were subject to the same policies, procedures, and practices, including the same classification, timekeeping, and payroll policies. Williams Decl. ¶ 11; Bogo Decl. ¶ 7; Merritt Decl. ¶¶ 17–19; cf. Answer ¶ 30. In 2009, USTC reclassified its full-time instructors from "salaried exempt" to "salaried non-exempt" under the FLSA. Merritt Decl. ¶ 2. As a part of this process, USTC undertook to pay instructors for previously non-compensated overtime worked during the preceding two years. Id. ¶ 4; see Merritt Decl., Ex. D (Letter from Elizabeth A. Merritt to Full Time Instructor (December 4, 2009)). Elizabeth Merritt reviewed the instructors bi-weekly time sheets from November 25, 2007, to December 5, 2009, to calculate the applicable reimbursement amounts for each instructor. See Merritt Decl. ¶¶ 5–8. As a result of this reclassification, USTC paid Navy Program and WPPS instructors $223,916.84 for unpaid overtime. Merritt Decl. ¶ 10. Williams was paid $138.63, and Bogo was paid $4,727.87 for unpaid overtime. Id.

On December 18, 2009, Williams and Bogo brought suit, on behalf of themselves and all others similarly situated, against Xe, USTC, and BSC [D.E. 1]. Plaintiffs allege that defendants failed to pay overtime wages in accordance with the FLSA and seek reimbursement for unpaid overtime. See Compl. ¶¶ 39–42. Williams and Bogo now move the court for conditional certification of a class for collective action and to send court-approved notice to putative members of the collective action pursuant to 29 U.S.C. § 216(b) [D.E. 17]. Specifically, Williams and Bogo seek conditional certification of a class of "all persons who worked for one or more [d]efendants as firearm and tactics instructors for the Navy Program or WPPS program in Moyock, NC or at

3

Naval Support Activity Northwest at any time since March 1, 2007." Pls.' Mot. Certification ¶ 1. Defendants oppose the motion [D.E. 21].

II.

Under the FLSA, an employee may bring an action to recover unpaid overtime wages "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b).[2] The FLSA class certification has two requirements: (1) that the plaintiffs in the class be "similarly situated," and (2) that the plaintiffs "opt in" by filing with the court their consent to suit. Id. Here, the parties dispute whether the proposed opt-in plaintiffs are "similarly situated" for purposes of 29 U.S.C. § 216(b). See, e.g., Anderson v. Cagle's, Inc., 488 F.3d 945, 952–53 (11th Cir. 2007); Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1103 (10th Cir. 2001); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001) (per curiam). Section 216(b) does not define "similarly situated" and neither has the Fourth Circuit.

Whether to grant conditional certification and notice to putative opt-in plaintiffs is within the discretion of the district court. See, e.g., Anderson, 488 F.3d at 951. In certifying classes under section 216(b), court's have generally applied a two-step analysis. "First, the court determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 519 (5th Cir. 2010) (per curiam). "If they are, notice is sent and new plaintiffs are permitted to 'opt in' to the lawsuit." Id. "Second, after discovery is largely complete and more information

---

[2] "[I]n discussing the representative action [under the FLSA], most courts utilize class action terminology from Rule 23 cases." Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1212 (5th Cir. 1995) overruled on other grounds by Desert Palace, Inc v. Costa, 539 U.S. 90 (2003). However, Federal Rule of Civil Procedure 23 imposes a more stringent standard for class certification than section 216(b). See, e.g., O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 584–85 (6th Cir. 2009); Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996); Gayle v. United States, 85 Fed. Cl. 72, 77 (2008).

4

on the case is available, the court makes a final determination of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." Id.

At the conditional certification phase, "[a] plaintiff has the burden of showing a 'reasonable basis' for his claim that there are other similarly situated employees." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008). The standard for determining similarity at this initial stage is "not particularly stringent." Hipp, 252 F.3d at 1214; Grayson, 79 F.3d at 1097 (describing burden as "not heavy"); Mooney, 54 F.3d at 1214 ("fairly lenient standard"); Jirak v. Abbott Labs., Inc., 566 F. Supp. 2d 845, 847–48 (N.D. Ill. 2008) (only "minimal showing" required).

For conditional certification to be appropriate, a plaintiff must show that similarity exists between positions, not that their positions relative to putative class members are identical. See, e.g., Morgan, 551 F.3d at 1259–60; Grayson, 79 F.3d at 1096. In assessing conditional certification, courts examine a variety of factors, including "the factual and employment settings of the individual[] plaintiffs, the different defenses to which the plaintiffs may be subject to on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action." O'Brien, 575 F.3d at 584 (alterations in original) (quotation omitted). At the conditional certification stage, a named plaintiff must raise a "similar legal issue as to coverage, exemption, or nonpayment o[f] . . . overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions, but their situations need not be identical." De Luna-Guerrero v. N.C. Growers Ass'n, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004) (quotation omitted). Indeed, "[d]ifferences as to time actually worked, wages actually due, and hours involved are, of course, not significant to this determination." Id. (quotation omitted). Finally, although the court proceeds under a lenient standard, "[m]ere allegations will not suffice; some factual evidence is necessary." Bernard v. Household Int'l, Inc., 231 F. Supp. 2d 433, 435 (E.D. Va. 2002).

5

Williams and Bogo contend that the putative class members are similarly situated in that they (1) "had the same or similar job duties," (2) "had the same or similar supervisors," (3) "were subject to the same payroll and timekeeping practices, policies, and procedures," (4) "were misclassified as exempt from the overtime requirements of the FLSA," (5) "were suffered or permitted to work more than 40 hours in one or more workweeks in the relevant time period," (6) had "compensable work time [that] was or was not recorded," and (7) "have not been paid the overtime premium due for all hours worked." Mem. Supp. Mot. Certification 4.

Despite some differences in hours worked and amount of overtime claimed, there is evidence that instructors had the same essential job duties and responsibilities. Cf. Jirak, 566 F. Supp. 2d at 848–49. It is not necessary for these responsibilities to be identical. See, e.g., Morgan, 551 F.3d at 1259–60; Grayson, 79 F.3d at 1096. As for the similarity of the legal claims, plaintiffs allege that, during the relevant period, defendants misclassified all firearm and tactics instructors for the Navy Program and WPPS program in Moyock, North Carolina and at Naval Support Activity Northwest as independent contractors rather than employees. See Compl. ¶¶ 20, 24; Williams Decl. ¶¶ 6, 14, 18; Bogo Decl. 4, 7, 13. Plaintiffs also allege that defendants had a policy or practice of not recording overtime hours worked. See Williams Decl. ¶ 7. Moreover, defendants admit that beginning June 22, 2008, the instructors in the Navy Program and WPPS were subject to the same policies, procedures, and practices, Answer ¶ 30, including the same classification, timekeeping, and payroll policies. Merritt Decl. ¶¶ 17–19; cf. Williams Decl. ¶ 11; Bogo Decl. ¶ 7.

In opposition to conditional certification, defendants contend that they have already reclassified the firearms and tactics instructors as employees and paid these instructors varying amounts of unpaid overtime. Thus, according to defendants, the accuracy of the payments made is the only issue in this case. Accordingly, defendants argue that conditional certification is not appropriate. See Defs.' Resp. 8–16.

6

Defendants' argument ignores the "similarly situated" standard. In fact, defendants appear to be attacking the merits of plaintiffs' claims rather than addressing the similarly situated standard. Moreover, defendants' argument actually tends to show that all firearm and tactics instructors for the Navy Program and WPPS program in Moyock, North Carolina and at Naval Support Activity Northwest, are similarly situated for purposes of section 216(b) conditional certification. Defendants treated these employees the same with respect to reclassification and back pay with the only differences being "time actually worked, wages actually due, and hours involved." De Luna-Guerrero, 338 F. Supp. 2d at 654. These latter factors are not significant to the similarly situated standard. See id. Finally, the court has reviewed the district court decisions cited in defendants' brief in opposition to conditional certification and finds them distinguishable. Thus, the court grants the motion for conditional certification. Of course, the court retains the discretion to decertify the conditional class on a more fully developed record.

Williams and Bogo also request that the court "order [d]efendants to provide [p]laintiffs' counsel with the names, addresses, and telephone numbers of all putative class members," and "direct that notice of this action . . . be provided by [p]laintiffs' counsel to all others similarly situated to plaintiffs on the FLSA claims." Pls.' Mot. Certification ¶¶ 3–4. Plaintiffs also have provided a proposed "Notice of Pending Lawsuit to Recover Unpaid Overtime Wages" and a form for persons to "Consent to Become a Party Plaintiff." Pls.' Mot. Certification, Exs. 2 & 3. Plaintiffs also propose that the potential opt-in class members "sign[], date[], and mail[] the attached Consent to Become a Party Plaintiff form to the Clerk of Court by 5:00 p.m. 90 days from the date of mailing of this Notice to you." Pls.' Mot. Certification, Ex. 2 at 2. Defendants have not contested the appropriateness of the content of the notice or the consent form.

A district court may authorize the named plaintiffs to send notice to all potential plaintiffs. See, e.g., Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 171 (1989); McElmurry v. U.S. Bank Nat'l Ass'n, 495 F.3d 1136, 1139 (9th Cir. 2007). "Court authorization of notice serves the

7

legitimate goal of avoiding multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." Hoffman-La Roche, 493 U.S. at 172.

The court finds that plaintiffs' requested relief is appropriate. Cf. Adams v. MedPlans Partners, Inc., No. 3:07cv259, 2007 WL 4291303, at *2–4 (W.D. Ky. Dec. 5, 2007). Thus, the court orders defendants to provide plaintiffs' counsel with the names, addresses, and telephone numbers of all putative class members. Defendants' counsel shall provide this information to plaintiffs' counsel not later than January 31, 2011. The court also directs plaintiffs' counsel to provide notice of this action to all others similarly situated to plaintiffs on the FLSA claims not later than February 28, 2011.

### III.

In sum, the court GRANTS plaintiffs' motion for conditional certification and to provide notice to potential opt-in class members [D.E. 17]. The court conditionally certifies an opt-in class of all persons who worked for one or more defendants as firearms and tactics instructors for the Navy Program or WPPS program in Moyock, North Carolina or at Naval Support Activity Northwest since March 1, 2007. The court ORDERS defendants to provide plaintiffs' counsel with the names, addresses, and telephone numbers of all putative class members. Moreover, the court ORDERS plaintiffs' counsel to provide notice to potential opt-in class members in the form, and on the schedule, set forth in this order.

SO ORDERED. This _4_ day of January 2011.

JAMES C. DEVER III
United States District Judge

8

Case 2:09-cv-00059-D   Document 26   Filed 01/04/11   Page 8 of 8